RECEIVED

FEB 2 5 2016

CLERK, U.S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED

FEB 2 5 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LACRICIA RAGSTON, CHARLES LINDSEY AND GLADYS LINDSEY | § § § § |
| V. | § C. A. NO. _____ |
| ROBERTO MARTINEZ AND WEST BOUND EXPRESS INC. | § § § |

A16CV0231 SS

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LACRICIA RAGSTON, CHARLES LINDSEY and GLADYS LINDSEY, Plaintiffs in the above entitled and numbered cause, complaining of and against ROBERTO MARTINEZ and WEST BOUND EXPRESS INC., Defendants herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. Parties

1. Plaintiffs reside in Washington County, Texas.

2. Defendant, ROBERTO MARTINEZ, is an individual residing in the State of California who, pursuant to the provisions of Section 17.061, et seq., Texas Civil Practice and Remedies Code, and §17.041, et seq., the Texas Long-Arm Statute, may be served by and through the State Highway and Public Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483, via certified mail, return receipt requested, who shall then forward the Summons and Complaint to Defendant, ROBERTO MARTINEZ, 2851 W. 120th St., Ste E, Hawthorne, CA 90250.

3. Defendant, WEST BOUND EXPRESS INC. is a foreign corporation having sufficient business contacts with the State of Texas for the purpose of accumulating monetary profit, but does not maintain

a regular place of business or a designated agent upon whom service of process may be had. Pursuant to Fed. R. Civ. P. 4, Service may be had upon this defendant pursuant to Tex. Civ. Prac. & Rem. Code. §17.044, and §17.041, et seq., the Texas Long-Arm Statute, by serving the Secretary of State of Texas as agent for Defendant, WEST BOUND EXPRESS INC. This suit arises out of business transacted and torts committed, in whole or in part, in this State and, under the circumstances, Defendant, WEST BOUND EXPRESS INC. has appointed the Secretary of State as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward Summons, along with a copy of this Complaint, to this Defendant by forwarding same by certified mail, return receipt requested, to any officer/director at its registered office/home or principal office: 2851 W. 120th STE E St., Hawthorne, CA 90250.

### B. Jurisdiction

4.   Subject matter jurisdiction in this case arises pursuant to 28 U.S.C. §1332, in that this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### C. Venue

5.   Venue is proper in this district, pursuant to 28 U.S.C. 1391 (a)(1) and (2) and (c), in that all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims arose in this District and the Defendants were subject to personal jurisdiction at the time this action was commenced in this District and Plaintiffs are residents of the Western District of

Texas.

### D. Facts

6. On or about January 18, 2016, Plaintiffs, LACRICIA RAGSTON, CHARLES LINDSEY AND GLADYS LINDSEY were involved in an automobile collision which occurred in Chappell Hill, Washington County, Texas. At the time in question, Plaintiffs sustained serious and disabling injuries when they were suddenly, violently, and without warning hit by a motor vehicle driven by Defendant ROBERTO MARTINEZ, and owned by Defendant WEST BOUND EXPRESS INC.

7. Defendant ROBERTO MARTINEZ and WEST BOUND EXPRESS, INC.'S actions and inactions complained of herein proximately caused the collision and Plaintiffs' injuries and damages complained of herein.

8. At all times material hereto, Defendant ROBERTO MARTINEZ was acting within in the course and scope of his employment with Defendant WEST BOUND EXPRESS INC.

### E. Negligence

9. At the time of the collision made the basis of this lawsuit, Defendant, ROBERTO MARTINEZ, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at trial:

    a. In negligently failing to control the speed of his vehicle;

    b. In negligently driving his vehicle at a greater rate of speed than was reasonably prudent;

    c. In negligently failing to take proper evasive action;

    d. In negligently failing to apply the brakes;

    e. In negligently failing to timely apply the brakes;

f.  In negligently failing to apply sufficient force to the brakes to avoid the collision;

g.  In negligently failing to avoid the collision;

h.  In negligently failing to maintain a proper lookout;

i.  In negligently failing to turn his vehicle to the left or to the right in order to avoid the collision in question;

j.  In negligently disregarding a traffic control signal, namely a red stop light;

k.  In negligently failing to stop his vehicle in compliance with a posted traffic control signal, namely a red stop light, requiring him to do so;

l.  In negligently entering an intersection when it was unsafe to do so;

m.  In negligently failing to yield the right-of-way to Plaintiff's vehicle;

n.  In negligently failing to properly and systematically inspect, repair and maintain the vehicle and its component systems;

o.  In negligently operating a vehicle that should have been "out of service" pursuant to the Federal Motor Carrier Safety Regulations;

p.  In negligently operating a vehicle that posed an "imminent hazard" as that term is defined by the Federal Motor Carrier Safety Regulations;

q.  In negligently operating the vehicle in excess of the permissible driving/on duty hours permitted by the Federal Motor Carrier Safety Regulations;

r.  In negligently failing to drive in a reasonably attentive manner;

s.  In violating the terms and provisions of the Texas Transportation Code, TEXAS DRIVER'S HANDBOOK, and Federal Motor Carrier Safety Regulations; and,

t.  In failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

10. Each of the above referenced acts or omissions by Defendant, ROBERTO MARTINEZ, singularly and/or in combination with others, constitutes negligence which directly and proximately caused Plaintiffs' injuries and damages. Nothing Plaintiffs did or failed to do contributed to or proximately caused the incident in question or their resulting injuries and damages.

### F.  NEGLIGENCE *PER SE*

11. Defendant ROBERTO MARTINEZ'S violations of local ordinances and state traffic laws constitute negligence *per se*. Defendant ROBERTO MARTINEZ'S negligence *per se* was a direct and proximate cause of the collision in question and Plaintiffs' resulting injuries and damages. Defendant ROBERTO MARTINEZ'S violations of local ordinances and state traffic laws include the following:

   a. In violation of the laws of the State of Texas, including Texas Transportation Code §545.401, MARTINEZ drove his vehicle with heedless and reckless disregard of the safety and welfare of others, including Plaintiffs;

   b. In violation of the laws of the State of Texas, including Texas Transportation Code §545.351, MARTINEZ drove his vehicle at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances;

   c. In violation of the laws of the State of Texas, including Texas Transportation Code §545.351, MARTINEZ failed to control the speed of his vehicle as necessary to avoid colliding with Plaintiffs' vehicle;

   d. In violation of the laws of the State of Texas, including Texas Transportation Code §544.004, MARTINEZ failed to comply with an applicable official traffic control signal, namely a red stop light;

   e. In violation of the laws of the State of Texas, including Texas Transportation Code §544.007, MARTINEZ, faced with a steady red signal, failed to stop and stand until an indication to proceed, a green light, was shown and until it was safe to proceed;

  f. In violation of the laws of the State of Texas, including Texas Transportation Code §544.007, MARTINEZ failed to stop, stand and yield the right-of-way to other traffic lawfully using the intersection, namely Plaintiffs;

  g. In violation of the laws of the State of Texas, including Texas Transportation Code §545.151, MARTINEZ, when approaching the intersection in question, failed to stop, yield and grant immediate use of the intersection in obedience to an official traffic control device, namely a red stop light, and proceeded into the intersection before it was safe to do so without interfering or colliding with traffic using a different street or roadway;

  h. In violation of the laws of the State of Texas, including Texas Transportation Code §545.153, MARTINEZ failed to stop at the intersection and yield the right-of-way to Plaintiffs' vehicle, which had entered the intersection from another roadway and which was approaching so closely as to be an immediate hazard to MARTINEZ'S movement in or across the intersection; and,

  i. Violating certain provisions of the Federal Motor Carrier Safety Regulations.

12. On the occasion in question, Defendant ROBERTO MARTINEZ failed to comply with each of the above provisions of the Texas Transportation Code. Plaintiffs are within the class of persons designed to be protected by the above referenced statutes. As such, Defendant ROBERTO MARTINEZ'S conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law. ROBERT MARTINEZ'S negligence *per se* was a direct and proximate cause of the incident in question and Plaintiffs' injuries and damages.

<u>G. Respondeat Superior/Vicarious Liability</u>

13. Defendant, ROBERTO MARTINEZ, was an employee, agent and/or servant of Defendant, WEST BOUND EXPRESS INC. As such, Defendants are responsible for the conduct of Defendant, ROBERTO MARTINEZ,

due to master-servant relationship which existed under the doctrine of Respondeat Superior.

14. Alternatively, and in addition, Defendant WEST BOUND EXPRESS, INC. is vicariously liable, as a matter of law, for the acts and omissions of Defendant ROBERTO MARTINEZ, as set forth herein pursuant to the Federal Motor Carrier Safety Regulations because Defendant WEST BOUND EXPRESS, INC. is an interstate motor carrier and Defendant ROBERTO MARTINEZ injured Plaintiffs through negligence, negligence per se and gross negligence while operating and/or failing to properly inspect, repair or maintain an interstate carrier vehicle. The Federal Motor Carrier Safety Regulations, 49 C.F.R. §390.11 (2009), mandate that Defendant WEST BOUND EXPRESS, INC. is liable for violations of the federal regulations by Defendant ROBERTO MARTINEZ because the duties imposed therein are nondelegable. Defendant ROBERTO MARTINEZ was a vice-principal of Defendant WEST BOUND EXPRESS, INC. because he was engaged in the performance of nondelegable and absolute duties, as set forth above, of Defendant WEST BOUND EXPRESS, INC. Defendant WEST BOUND EXPRESS, INC. is both vicariously and directly liable for the above noted and listed failures, acts and omissions.

15. Defendant, ROBERTO MARTINEZ, was an employee of Defendant, WEST BOUND EXPRESS INC. As such, Defendants are responsible for the conduct of Defendant, ROBERTO MARTINEZ, among other acts and omissions of negligence of these Defendants.

16. In the alternative and without waiving the foregoing, if Plaintiffs be mistaken in their contention that Defendant, ROBERTO

MARTINEZ, was an employee of Defendant, WEST BOUND EXPRESS INC. Plaintiffs would show that Defendant, ROBERTO MARTINEZ was a borrowed servant of said Defendant.

### H. Negligent Entrustment

17. Upon information and belief, at the time and on the occasion in question, Defendant, WEST BOUND EXPRESS INC., owned the vehicle driven by Defendant, ROBERTO MARTINEZ, specifically identified as a 2007 White Freightliner Columbia TT, VIN No. 1FUJA6CK37DX37268.

18. Upon information and belief, at the time and on the occasion in question, Defendant, WEST BOUND EXPRESS INC., owned the trailer being towed by the 2007 White Freightliner identified above, specifically identified as a 2005 Silver Utility Trailer MFG.

19. Defendant WEST BOUND EXPRESS, INC. entrusted its vehicle to Defendant ROBERTO MARTINEZ, who was an unfit, incompetent and/or reckless driver that would create an unreasonable risk of danger to persons and property. WEST BOUND EXPRESS, INC. knew or should have known that MARTINEZ was an incompetent and/or reckless driver. MARTINEZ did, in fact, operate WEST BOUND EXPRESS, INC.'S vehicle in a negligent manner as more fully described herein. WEST BOUND EXPRESS, INC.'S negligent entrustment of its vehicle to MARTINEZ was a direct and proximate cause of the collision in question and Plaintiffs' injuries and damages.

### I.   GROSS NEGLIGENCE

20. The incident in question and Plaintiffs' injuries and damages were proximately caused by the conscious indifference on the part of MARTINEZ and/or WEST BOUND EXPRESS, INC. as to the safety and welfare of members of the public, including

Plaintiffs. MARTINEZ'S and WEST BOUND EXPRESS, INC.S' conduct as described above was willful and/or wanton. Such conduct on the part of MARTINEZ and WEST BOUND EXPRESS, INC. amounts to a heedless and reckless disregard as to the safety of persons including Plaintiffs. MARTINEZ and WEST BOUND EXPRESS, INC. are therefore liable to Plaintiffs for exemplary or punitive damages for which Plaintiffs now seek.

### J. Damages

21. By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiffs sustained severe bodily injuries to their head, back, neck, and other parts of their body. Plaintiffs have suffered physical pain/disability and mental anguish/suffering and, in reasonable medical probability, will continue to do so for the balance of their natural life.

22. As a result of the foregoing injuries, Plaintiffs have suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his/her earning capacity has been impaired permanently.

23. Additionally, Plaintiffs have incurred reasonable and necessary medical care and expenses in the past and, in reasonable probability, will incur reasonable and necessary medical care and expenses in the future.

24. Additionally, as a result of the injuries sustained in the occurrence made the basis of this suit, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent, physical impairment.

25. Additionally, as a result of the injuries sustained in the occurrence made the basis of this suit, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent, physical disfigurement.

26. Pleading further, in the alternative, if it be shown that Plaintiffs were suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

27. Damage to property measured by the cost of repairs or fair market value, and loss of use.

28. Plaintiffs are additionally entitled to recover pre-judgment interest at the highest legal rate allowed by law.

### K. Jury Demand

29. Plaintiffs hereby request a jury trial.

### L. Prayer

30. WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants, ROBERTO MARTINEZ and WEST BOUND EXPRESS INC., be cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against Defendants, jointly and severally, for all actual damages sustained as requested herein in the sum of at least FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00), together with cost of suit, pre- and post-judgment interest, and for such other and further relief, both general and special, at law and/or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

STERN LAW GROUP

_____
DAVID VALETUTTO
SBN: 00786453
4909 Bissonnet Street, Suite 100
Bellaire, TX 77401
713/661-9900
713/666-5922 Facsimile
DValetutto@stern-lawgroup.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

11